## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WHITE ELECTRICAL SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0504-CVE-PJC** |
| | ) | |
| **FRANKE FOOD SERVICE SYSTEMS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Franke Consumer Products Inc.'s Motion for Judgment

on the Pleadings and Brief in Support (Dkt. # 20).  Plaintiff White Electrical Services, Inc. (WES)

seeks to recover from defendant Franke Food Service Systems, Inc. (Franke)[1]  an amount it paid

in settlement and attorney fees in connection with a prior Oklahoma County, Oklahoma case brought

by a third party.

## I.

The following facts are taken as true for the purpose of Franke's motion for judgment on the

pleadings.  This dispute arises out of a lawsuit brought by Sarah Austin, Oklahoma County Case No.

CJ-2005-7423 (hereinafter the Austin suit).  Dkt. # 2, at 2.  Austin alleged that she received an

electrical shock when she attempted to plug in a food preparation table while working at a

McDonald's.  Id.  Among her claims was that she was injured due to the lack of a ground fault

circuit interrupter (GFCI), a device that prevents high voltage electric shocks, and the unreasonably

dangerous location of the table's electrical outlet.  Id.  WES was a subcontractor hired to do certain

---

[1]      Franke filed a notice of party name correction (Dkt. # 29) on March 17, 2010.

electrical work at the McDonald's.  Id.  WES alleges that Franke manufactured the food preparation table, that the preparation table was required to be manufactured with a GFCI, and that the location of the table's outlet was unreasonably dangerous.  Id.   Franke was not a party to the Austin suit. The Austin suit was settled in November 2008.  Dkt. # 2, at 2.  The terms of that settlement are not part of the record on this motion.

WES alleges that the defective table was the cause of Austin's injuries, and that WES paid for Austin's injuries caused by the defective table.  Id.  WES seeks to recover from Franke "all sums paid to settle the underlying lawsuit, including its attorneys' fees and costs of defense, under the theory of strict manufacturer's products liability, pursuant to its rights of indemnity and contribution under Oklahoma common law."  Id. at 3.

## II.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992).  A complaint is subject to dismissal if it provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 563.  For purposes of a Rule 12(c) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant.  Mock, 791 F.2d at 528.

2

**III.**

WES brings claims under several theories of liability under Oklahoma law.  Franke argues

that WES has failed to state a claim as a matter of law based on any of these theories.

A.    Products Liability and Contractual Indemnity

WES states that it does not intend to bring claims based on these theories of liability.  Dkt.

# 25, at 4.  Therefore, Franke's arguments regarding these theories are moot.

B.    Subrogation

Although WES uses the term "subrogation" in its response to Franke's motion, the term is

not used in the complaint.  Franke seeks to strike the subrogation allegations in WEG's response,

as they were not asserted in the complaint. Dkt. # 28, at 5.  The Court finds that WES did not assert

a subrogation claim in the complaint and, thus, it is not a claim at issue.  The parties' arguments

regarding subrogation are, therefore, moot.

C.    Equitable Indemnity

"The general rule of indemnity is that one without fault, who is forced to pay on behalf of

another, is entitled to indemnification."  Nat'l Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.,

784 P.2d 52, 54 (Okla. 1989).  Thus, indemnity is available where the party forced to pay was not

at fault. In contrast, contribution is available where the party forced to pay is jointly and severally

liable.  See Part III.D, infra.  The right to indemnity must be premised on a legal relationship

between the parties: "either contractual or vicarious liability on which to base the remedy."  Id. at

55.  Because no contractual indemnity exists between WEG and Franke, the source of the duty to

indemnify in this case must be vicarious liability or some other legal relationship.  See Sinclair Oil

Corp. v. Texaco, Inc., 94 Fed. App'x 760, 768 (10th Cir. 2004) (rejecting appellant's contention that

Oklahoma law regarding equitable indemnity does not require a legal relationship between the parties) (unpublished).[2]

WES attempts to sidestep the requirement of a legal relationship between the indemnitor and indemnitee by asserting that Franke is strictly liable to Austin for manufacturer's product liability. This is somewhat of a red herring. A distributor may bring a claim for indemnification against the manufacturer of a defective product because the manufacturer has a duty to the distributor. See Braden v. Hendricks, 695 P.2d 1343, 1349-50 (Okla. 1985) (discussing the obligation, created by law, of a manufacturer to indemnify a dealer for losses stemming from a defective product); OKLA. STAT. tit. 12, § 832.1. In this case, WES and Franke did not have a manufacturer/distributor relationship. WES alleges that it "had no contact with the food preparation table, and performed no work on the table." Dkt. # 2, at 2. Therefore, WES is not in the position of a seller, or even installer, of the allegedly defective table. Nor was it injured by the allegedly defective table. The duties among parties in the chain of product distribution do not exist between WES and Franke. A products liability theory does not supply the required legal relationship between WES and Franke in this case. WES has not alleged any other basis for a legal relationship between it and Franke,[3] and none appears in the record.

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[3]  WES seems to think that the legal relationship arises out of the fact that it paid for damages allegedly caused by Franke. This is circular: a claim for indemnification cannot form the legal relationship upon which a claim for indemnification must be based. The legal relationship must have existed before the potential indemnification claim arose. See Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368, 370 (10th Cir. 1954) (indemnity "necessarily arises out of an independent legal relationship, under which the indemnitor owes a duty . . . to the indemnitee apart from the joint duty they owe to the injured party") (cited with approval in A.A.R. Western, 784 P.2d 55) (emphasis added).

4

Because there is no legal relationship between WES and Franke sufficient to create a duty to indemnify, WES's indemnification claim fails as a matter of law.

D.      Contribution

"Contribution . . . represents a sharing of joint and several liability by providing for proportional reimbursement from other parties who are liable to the plaintiff." Woolard v. JLG Indus., Inc., 210 F.3d 1158, 1180 (10th Cir. 2000) (applying Oklahoma law). Oklahoma provides a statutory right to contribution "when two or more persons become jointly or severally liable in tort for the same injury." OKLA. STAT. tit. 12, § 832A. The right "exists only in favor of a tort-feasor who has paid more than [its] pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of [its] pro rata share." Id. § 832B. The term "pro rata share" has been interpreted to mean each tortfeasor's proportionate liability based on degree of fault. A.A.R. Western, 784 P.2d at 57.

Franke contends that it is "disingenuous" for WES to simultaneously assert claims for contribution and indemnity, because WES is really seeking to recover the entire amount of its settlement. Dkt. # 28, at 4. The Court finds nothing disingenuous about WES's alleging mutually exclusive theories of liability. See Fed. R. Civ. P. 8(d) ("[a] party may set out 2 or more statements of a claim or defense alternatively;" "[a] party may state as many separate claims or defenses as it has, regardless of consistency"). Taking the allegations in the complaint as true, there is a possibility that WES and Franke could be jointly and severally liable for Austin's injuries, and WES

has paid an amount to Austin in settlement.[4]  Therefore, WES has stated a claim for contribution under Oklahoma law.[5]

Franke also argues that WES's claims are barred by the doctrine of claim preclusion because they were compulsory cross-claims in the Austin suit.[6]  Federal courts look to state law to determine if a claim is compulsory and, if so, the effect of a failure to raise such a claim.  See Valley View Angus Ranch, Inc. v. Duke Energy Field Svcs., Inc., 497 F.3d 1096, 1100 (10th Cir. 2007) (looking to state law to determine if a claim is a compulsory counterclaim).  Franke's characterization of OKLA. STAT. tit. 12, § 2013 as a "compulsory counterclaim/cross-claim statute" is incorrect.  Dkt. # 20, at 10.  The statute provides for compulsory counterclaims, which are claims the pleader has against any opposing party.  OKLA. STAT. tit. 12, § 2013A.  It separately provides for permissive cross-claims by one party against any party who is not an opposing party.  OKLA. STAT. tit. 12, § 2013G; see also Okla. Gas & Elec. Co. v. Dist. Ct., 784 P.2d 61, 65 n.24 (Okla. 1989) ("[t]he right of contribution may be asserted before judgment as a permissive counterclaim, crossclaim, or in a third party action") (emphasis added); Roach v. Atlas Life Ins. Co., 769 P.2d 158, 163 (Okla. 1989) ("the Legislature's use of the term 'may' indicates that the decision to assert a cross-claim is permissive in nature.  Failure to assert such a claim will not bar a subsequent suit even if the claim

---

[4]    Because the terms of the settlement agreement are not part of the record on the motion for judgment on the pleadings, the Court cannot determine whether the settlement agreement would bar a contribution claim in this case.

[5]    WES cannot state a contribution claim for its attorney fees in the Austin suit, as attorney fees are not recoverable in a contribution action.  A.A.R. Western, 784 P.2d at 58.

[6]    Although Franke also mentions that the claims were filed outside the applicable statute of limitations, Franke does not state what the applicable statute of limitations is.  Dkt. # 20, at 9-12.  It is clear that Franke's "statute of limitations" argument is an argument based on the failure to bring a compulsory cross-claim.  Id.

arose out of the transaction or occurrence that is the subject of the original action").[7]  Therefore, the doctrine of claim preclusion does not bar WES's assertion of a contribution claim against Franke.

**IT IS THEREFORE ORDERED** that Defendant Franke Consumer Products Inc.'s Motion for Judgment on the Pleadings and Brief in Support (Dkt. # 20) is **granted in part** and **denied in part**: judgment is granted to Franke on WES's indemnity claim and denied on WES's contribution claim.

**DATED** this 15th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7]    McDaneld v. Lynn Hickey Dodge, Inc., 979 P.2d 252 (Okla. 1999) did not hold otherwise. That case discussed whether a particular counterclaim was compulsory, but a cross-claim was not an issue.