IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITE ELECTRICAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-504-CVE-PJC |
| ) | |
| FRANKE FOOD SERVICE SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Motion to Compel of Franke Food Service Systems, Inc. ("Franke") [Dkt. No. 31]. White Electrical Services, Inc. ("WES") has responded thereto and a hearing was held on May 13, 2010. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

### *Background*

WES seeks contribution from Franke for money paid in connection with a lawsuit brought by Sarah Austin ("Austin") in 2005. Austin alleged that she was injured due to an electrical shock she received while working at a McDonald's restaurant in Choctaw, Oklahoma. *Sarah Austin v. White Electrical Services, Inc. and Morrison Construction Co.*, Case No. CJ-05-7423 (Oklahoma County Dist. Court Sept. 20, 2005) (hereafter, "the underlying action"). WES was the electrical contractor for the McDonald's restaurant and Franke was the manufacturer of a food preparation table installed in the restaurant; however, Franke was not a

party to the underlying action. WES and its insurer, Zurich North America, settled the underlying action in November 2008 for $925,000.00.

WES then initiated this action contending that Franke is responsible for some or all of the settlement and defense costs incurred in the underlying action. WES alleged that Franke is liable under a theory of manufacturer's product liability and asserted claims for indemnity and contribution. Only WES' contribution claim survived Franke's Motion for Judgment on the Pleadings [Dkt. No. 20, 32].

## *Discussion*

Before addressing the substance of the Motion to Compel, the Court will address a preliminary issue. At the May 13 hearing, the parties disagreed as to whether the reasonableness of WES's settlement with Austin is determined by an objective or a subjective standard. Resolution of this issue may have significant implications for the scope of discovery and preparation for trial.

The parties indicate that they have found no controlling Oklahoma authority on the objective/subjective question in the context presented herein. Nevertheless, in other contexts, Oklahoma and other jurisdictions are clear that an objective standard is applied. For example, in determining the reasonableness of a settlement in a class action, the Oklahoma Court of Civil Appeals espoused a multi-factored, objective test. *Velma-Alma Ind. School Dist. No. 15 v. Texaco, Inc.*, 162 P.3d 238, 243 & n.10 (Okla. Civ. App. 2007) (*citing Wal-Mart Stores, Inc. v. VISA U.S.A., Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005); *Jones v. Nuclear Pharmacy,*

*Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). The majority of jurisdictions that have addressed the issue have overwhelmingly adopted an objective approach. *See Metropolitan Life Ins. Co. v. Aetna Cas. and Sur. Co.*, 730 A.2d 51, 55 (Conn. 1999) (Bad faith case. "The reasonableness of settlement should be examined under an objective standard."); *United Services Automobile Assn. v. Morris*, 741 P.2d 246 (Ariz. 1987) (using objective, reasonable person test to assess settlement); *Alton M. Johnson Co. v. M.A.I. Co.*, 463 N.W.2d 277, 279 (Minn. 1990); *Shumake v. Foshee*, 105 P.3d 919, 922-23 (Or. App. 2005); *Deminsky v. Arlington Plastics Machinery*, 657 N.W.2d 411, 429 (Wis. 2003) (applying Minnesota law); *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 978 P.2d 922, 927 (Kan. 1999) (court makes "an objective assessment of the reasonableness of the settlement").

Although many of the cases cited above involve a reasonableness assessment in the context of a bad faith or other claim, the Court sees no substantive distinction that would require a different approach in the context of a contribution claim. Thus, the Court's determination of the reasonableness of WES's settlement with Sarah Austin will be an objective determination based on the circumstances existing at that time. This means that the subjective thoughts of WES, its lawyers and its insurer are not relevant to the claims and defenses asserted herein.

*Waiver of Privilege*

Defendant asserts that WES has waived its claim of privilege/work-product protection herein: by producing some protected documents ("the

3

documents at issue") and by failing to produce a privilege log as required by the Local Rules of this Court. The Court finds neither theory persuasive.

The documents at issue include two specific attorney communications highlighted at the May 13 hearing: the May 25, 2007, correspondence from attorney Ryan Fulda to Sharon Eppler of Zurich North America regarding the deposition of the Plaintiff's expert in the underlying action, and a May 1, 2008, email from Fulda to attorney Trevor Hughes concerning Hughes' meeting with WES's own expert witness. At the May 13 hearing the Court was advised that both of these communications were disclosed to the Plaintiff and others in the underlying action. One of the documents was an exhibit at a deposition while the other was included in an expert witness's file that was, in turn, disclosed to the Plaintiff. Because of these disclosures, both documents lost any attorney-client or work-product protection they may have had. Disclosure to the adverse party in the underlying action destroyed any expectation of confidentiality as to those documents; consequently, their subsequent disclosure to Franke did not waive any privilege because the documents were not privileged/protected at that time. Thus, the disclosure to Franke of these communications cannot provide for a finding of waiver.

The remaining documents at issue are summaries of seven depositions taken in the underlying action. These are clearly work-product protected documents and based on consideration of the factors set forth in *Hydraflow, Inc. v. Enidine, Inc.*, 145 F.R.D. 626, 637 (W.D.N.Y. 1993) and *Hartford Fire Ins. Co. v.*

4

*Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985), the Court finds that work-product protection has been waived but only as to these summaries. Disclosure of the summaries is not a sufficient basis to find a broad waiver of work-product protection.

Franke also claims waiver based on failure to produce a privilege log supporting WES's privilege/work-product claims. Central to this dispute is the parties' differing readings of this Court's Local Rule regarding privilege logs. The rule provides in relevant part:

> This rule requires preparation of a privilege log with respect to all documents withheld on the basis of a claim of privilege or work product protection except the following: written communications between a party and its trial counsel after commencement of the action and the work product material created after commencement of the action.

LCvR26.4(b).

The contested language is the phrase "after commencement of the action." (emphasis added). WES contends that this language includes documents created after commencement of the underlying action, while Franke asserts the exception only applies to documents created after commencement of the instant action. The Court believes Franke's reading is correct; however, WES's misinterpretation of the rule does not justify a finding of waiver. Instead, WES is ordered to produce within 10 days of the date herein a privilege log that includes documents prepared in the course of the underlying litigation. The privilege log

exception is limited to documents created after commencement of <u>this</u> lawsuit between WES and Franke.

*Interrogatories and RFPs*

The Court has reviewed the discovery requests and responses and finds as follows:

**Interrogatory No. 2.** Motion to Compel **GRANTED**. The identity of persons involved in evaluating the underlying case for settlement are neither attorney-client privileged nor work product protected.

**Interrogatories No. 8, 10, 13.** Motion is **DENIED**.

The fact that WES seeks contribution from Franke based on its decision to settle the underlying lawsuit does not put at issue all files of the insurer, client or attorneys in the underlying action. WES's contribution claim has put at issue the reasonableness of its settlement with Sarah Austin. But as the Court noted in *Deutsche Bank Trust Co. of Americas v. Tri-Links Investment Trust*, 837 N.Y.S.2d 15 (N.Y. App. Div. 2007):

> The need to determine the reasonableness of the amounts Bankers Trust spent to defend and settle the WMI action does not, however, place at issue the legal advice Bankers Trust received from its attorneys in that litigation, those attorneys' work product, or their private mental impressions, conclusions, opinions or legal theories.

*Id.* at 24.

Similarly, here, the insurer's files, the attorneys' files and correspondence between and among them are irrelevant to the claims/defenses of any party to

6

this action and, thus, beyond the scope of discovery permitted under Fed. R. Civ. P. 26.

**Requests for Production Nos. 2-5.** For the same reason, the Motion to Compel is **DENIED** as to RFP Nos. 2, 3, 4, 5. The requested documents – the insurer's complete files, inter-office memoranda, underwriting files, policies and procedures manuals, etc. are irrelevant to the claims and defenses herein.

Franke seeks assurance that the documents WES has produced are all of the non-privileged documents responsive to its requests. The motion is **GRANTED** in this regard. WES shall provide Franke written documentation that the documents it has produced are all of the responsive, non-privileged documents in its possession, custody or control. WES shall also clarify whether it has relevant, non-privileged documents responsive to RFP Nos. 1 and 5.

As outlined herein, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

*Remaining Motions*

The Court believes that its ruling on the waiver issue renders **MOOT** WES's Motion for Protective Order [Dkt. No. 40] since that motion concerned the return of inadvertently disclosed documents. If this is not the case, WES shall so advise the Court by May 21, 2010.

Franke's Motion for Protective Order [Dkt. No. 42] was **GRANTED** at the May 13 hearing.

7

**IT IS SO ORDERED** this 14th day of May 2010.

_____
Paul J. Cleary
United States Magistrate Judge