UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WHITE ELECTRICAL SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0504-CVE-PJC |
| | ) | |
| **FRANKE FOOD SERVICE SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Franke Food Service Systems, Inc.'s Motion to Substitute Party for the Real Party in Interest (Dkt. # 64). Plaintiff White Electrical Services, Inc. (WES) seeks to recover from defendant Franke Food Service Systems, Inc. (Franke) an amount paid in settlement and attorney fees in connection with a prior Oklahoma County, Oklahoma case brought by a third party. WES's remaining claim is based on a contribution theory. See Dkt. # 32.

It is undisputed that WES's insurer, Zurich American Insurance Company (Zurich), paid the settlement and attorney fees to the third party. Franke argues that, since Zurich paid the settlement that is the subject of the instant contribution claim, it is the real party in interest in this case.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The same is true under Oklahoma law. OKLA. STAT. tit. 12, § 2017(A). In a diversity case, the question of whether a party is the real party in interest is governed by the substantive law of the relevant state. Hoeppner Constr. Co. v. United States for the Use of Magnum, 287 F.2d 108, 111 (10th Cir. 1960); see also Pompa v. Amer. Fam. Mut. Ins. Co., 506 F. Supp. 2d 412, 415 (D.

Colo. 2007), aff'd 520 F.3d 1139 (10th Cir. 2008).[1] In Oklahoma, "the purpose of the real party in interest requirement from the defendant's perspective is to insure that the defendant will not be later subjected to a second suit based on the same cause or claim." Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 152 P.3d 880, 887 (Okla. 2007).

In Caterpillar Inc. v. Trinity Industries, Inc., 134 P.3d 881 (Okla. Ct. App. 2006), Caterpillar Inc. (Caterpillar) was sued for negligence by workers who were injured while operating a Caterpillar machine. There was evidence that a bracket in the machine may have been defective. Caterpillar notified the bracket manufacturer, Trinity Industries, Inc. (Trinity), and Trinity refused to participate in settlement negotiations. Caterpillar settled the workers' lawsuit and subsequently sued Trinity for indemnification. A jury found in Caterpillar's favor in the indemnity suit. Trinity appealed, arguing that Caterpillar lacked "standing" to seek indemnification because the settlement was paid by Caterpillar's insurance company, not Caterpillar itself. Id. at 885. Citing Lapkin v. Garland Bloodworth, Inc., 23 P.3d 958 (Okla. Ct. App. 2001), the Oklahoma Court of Civil Appeals found that this argument was without merit. Caterpillar, 134 P.3d at 885-86. The Caterpillar court noted that Trinity did not "claim, or even express a concern, that the judgment Caterpillar received fails to protect Trinity from a further action by Caterpillar's insurance company or any other entity." Id. at 886.

In Lapkin, the appellants argued that a physician was not entitled to maintain an unjust enrichment suit against attorneys who retained a portion of the proceeds of a voided settlement agreement because the settlement was paid by the physician's liability insurer. The Oklahoma Court

---

[1]   The parties assume that Oklahoma law applies to the real party in interest question. See Dkt. ## 64, at 4; 72, at 1.

of Civil Appeals noted that "the check issued by [insurer] was issued on behalf of [physician], its insured. Therefore, regardless of the actual source of the money, it came "from" [physician] to compensate for his negligence." 23 P.3d at 962. Recognizing that "'a defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another,'" the Lapkin court held that the physician's claim could proceed. Id. (quoting Okla. Wildlife Fed., Inc. v. Nigh, 513 P.2d 310, 314 (Okla. 1972)).

In this case, Franke does not allege that it will be subject to the risk of multiple liability should WES be permitted to proceed as plaintiff. Just as in Lapkin, any amounts paid by Zurich were paid on WES's behalf. Franke's attempts to distinguish Caterpillar and Lapkin are unavailing. Franke argues that Caterpillar is inapplicable because the plaintiff in that case was seeking indemnity, rather than contribution. Dkt. # 72, at 2. However, Franke fails to explain how the underlying theory of liability is relevant to the question of the real party in interest. Franke argues that Lapkin is inapplicable because, in that case, the court noted that "the insured is the party who has rights against a claimant in the first place." Id. The same is true here. Franke's assertion that WES "did not suffer any damages" because the settlement was paid by its insurer, id., begs the question.

The federal cases Franke cites are not persuasive. United States v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949), concerned the real party in interest under the Federal Tort Claims Act, not Oklahoma law. The court in American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 179 F.2d 7 (10th Cir. 1949), applied Oklahoma law relating to subrogation that predates Caterpillar and Lapkin. These two cases are not persuasive here.

3

**IT IS THEREFORE ORDERED** that Defendant Franke Food Service Systems Inc.'s Motion to Substitute Party for the Real Party in Interest (Dkt. # 64) is **denied**.

**DATED** this 17th day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE