IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITE ELECTRICAL SERVICES, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FRANKE FOOD SERVICE SYSTEMS, INC., )<br>)<br>      Defendant. ) | Case No. 09-CV-504-CVE-PJC |

## OPINION AND ORDER

Now before the Court are Plaintiff White Electrical Services, Inc.'s ("WES") Motion in Limine Regarding Defendant's Expert Witness Lorie McQuade [Dkt. No. 88].

### *Background*

The Background of this case is set forth in the Court's *Opinion and Order* of August 24, 2010 and is adopted by reference herein.

### *Applicable Legal Standard*

The motion in limine is a creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.*, 980 F.Supp. 1176, 1179 (D.Kan.1997). The purpose of an in limine motion is to aid the trial process by enabling the Court to rule beforehand on the relevance or admissibility of certain documentary or testimonial evidence without lengthy argument at, or interruption of, the trial. *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md.1987)). Besides

1

saving trial time, such pretrial rulings can often save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D.Ill.1996). However, in limine rulings must be made wisely. The trial judge is almost always better situated during the actual trial to assess the value and utility of evidence. For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.")

### WES's Motion to Exclude McQuaid

WES initially listed Margaret Kelsay as an expert witness to testify as to the estimated cost of a life care plan for Sarah Austin.[1] Franke countered with its own expert, Lorie McQuade, whose opinion is that Kelsay's proposed life care plan lacks sufficient medical foundation to be credible.[2] McQuade submitted a report to this effect on April 22, 2010. WES now contends that McQuade should not be allowed to testify as an expert because her testimony is unnecessary, irrelevant, and moot since Kelsay will

---

[1] Sarah Austin was injured in an incident at a McDonald's restaurant in Choctaw, Oklahoma. In 2005, Austin sued WES in Oklahoma County District Court, alleging that WES's negligence caused her injuries. WES settled that case and now seeks contribution from Franke.

[2] WES has now stricken Kelsay as an expert. Furthermore, per the Court's Aug. 24, 2010, *Opinion and Order* Kelsay may not testify as an expert. Kelsay will only authenticate her life care plan. WES apparently will argue that this report supports the reasonableness of its decision to settle the underlying case with Austin for $925,000.00.

2

not offer expert testimony. WES also contends that McQuade's Rule 26 expert report is insufficient.

As to whether McQuade's testimony is unnecessary, irrelevant or moot, the Court finds that this cannot be determined on a pre-trial motion in limine. Simply because WES has opted not to sponsor an expert witness on the details of Austin's life care plan, does not necessarily mean that Franke's expert should be precluded from testifying. WES will rely, at least on part, on Kelsay's life care plan to show the reasonableness of its settlement with Austin. Franke may have to challenge the reasonableness of Kelsay's plan and, therefore, WES's reliance on it. The relevance or necessity of McQuade's testimony will not be clear until trial; thus, the issue is not appropriate for in limine ruling on these grounds.

WES states that it is not alleging that McQuade has failed to comply with Fed. R. Civ. P. 26(a)(2), but challenges her testimony on relevance and failure to establish "that it was based upon reliable data – as it does not clearly identify the data relied upon." [Dkt. No. 88 at 4]. The Court has already ruled on the relevance question. McQuade's report does not specifically identify the basis for her conclusions. She references "[r]eview of records in this matter" without stating what records she means. Elsewhere, she states that "[r]ecords indicate" Austin's educational history, but she does not specifically state what records. She also states that she reviewed "the objective medical evaluations and examination" but does not indicate what medical evaluations/examinations she relies upon. On its face, this indicates a failure to comply with Fed. R. Civ. P. 26(a)(2)(ii); however, WES has stated clearly it does not allege a

failure to comply with this rule. It appears to the Court that the records McQuade reviewed are well-known to both sides. However, to ensure this is the case, it is hereby **ORDERED** that McQuade provide a Supplemental report to WES **by Oct. 12, 2010**. This report shall list the specific records, data or other information that McQuade relied upon in forming her opinions and shall amend her report to indicate therein what records she relies on for her specific opinions. **No new opinions may be added to the report.** The purpose of this Order is to ensure that WES is fully apprised of the specific medical records, evaluations and materials McQuade relies on for the opinions set forth in her April 22, 2010 report.

Accordingly, WES's Motion in Limine Regarding Lorie McQuade [Dkt. No. 88] is **DENIED**. By Oct. 12, 2010, McQuade is to supplement her expert report as outlined above.

IT IS SO ORDERED, this 17th day of September, 2010.

_____
Paul J. Cleary
United States Magistrate Judge