IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WHITE ELECTRICAL SERVICES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-504-CVE-PJC |
| ) | |
| **FRANKE FOOD SERVICE SYSTEMS, INC.,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court for determination is the Defendant Franke Food Services, Inc.'s ("Franke") Daubert Motion to Exclude Dr. Durham [Dkt. No. 90].

*Background*

The Background of this matter was set forth it's the Court's Aug. 24, 2010 *Opinion and Order* [Dkt. No. 86 at 1-2].

*Applicable Legal Principles*

The motion *in limine* is a creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence. *Deghand v. Wal-Mart Stores, Inc.,* 980 F.Supp. 1176, 1179 (D.Kan.1997). The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule beforehand on the relevance or admissibility of certain documentary or testimonial evidence without lengthy argument at, or interruption of, the trial. *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md.1987)). Besides saving trial time, such pretrial rulings can often save the parties time, effort and cost in

preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D.Ill.1996). However, in limine rulings must be made wisely. The trial judge is almost always better situated during the actual trial to assess the value and utility of evidence. For this reason, some courts defer making in limine rulings unless the "evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.")

*Discussion*

Defendant Franke seeks to exclude the testimony of Plaintiff White Electrical Services, Inc.'s ("WES") expert, Dr. Marcus Durham ("Durham") *in toto* for failure to provide a Rule 26 expert report, or, in the alternative, exclude testimony from Durham relating to his opinion as to how Sarah Austin was injured.

Durham is an electrical engineer. He is the Principal Engineer of THEWAY Corp., Tulsa, Oklahoma. THEWAY is an engineering, management and operations group that conducts training and provides design and failure analysis of facilities and electrical installations. He is also a professor at the University of Tulsa and Director of its Power Applications Research Center. In support of Durham's expert opinions, WES has submitted Durham's "Trip Memo" of Sept. 13, 2008, and a "Supplemental Memo"

dated Feb. 5, 2010.[1] WES also provided photographs of the site, Durham's deposition from the underlying state case, *Sarah Austin v. White Electrical Systems, Inc. and Morrison Construction Co.*, Case No. CJ-05-7423 (Oklahoma County District Court), his curriculum vitae, and list of his publications. Franke deposed Durham in this case on May 19, 2010.

Franke's argument that Durham did not provide a full Rule 26 report was addressed in the Court's previous *Opinion and Order* [Dkt. No. 86]. Given the volume of material and the nature of material Durham has provided for purposes of this case, the Court concludes that the essential purposes of Rule 26 have been met and Franke has been sufficiently informed about Durham's expected testimony. Furthermore, Franke waived any objection to the completeness of Durham's report by waiting until five months after the close of discovery to register its complaint. *See* [Dkt. No. 86 at 8].

The Court also rejects the arguments that Durham's opinions are speculative as to the cause of Austin's injury. Durham's deposition testimony explains why he believes Austin's account of what happened when she was injured is not entirely accurate. Nor does the Court see that Durham's testimony is outside his expertise in electrical engineering. Accordingly, the Motion to Exclude is **DENIED.**

Durham testified at his deposition in this case that the Trip Memo and Supplemental Memo "contain, I believe, a summary of all of my opinions …." [Dkt.

---

[1] While Durham testified at his deposition that he did not consider these memos to constitute a Rule 26 report, the Court concluded in its earlier *Opinions and Order* that taken with his prior deposition, these provided a sufficient basis for Franke to understand Durham's opinions concerning matters at hand. Furthermore, Franke does not appear to have had any difficulty deposing Durham in this case.

No. 90-3 at p. 85, lines 8-9]. Durham stated that he was not aware of any other opinions he would sponsor at trial. [*Id.* at p. 85, lines 11-17].

The Court finds that Durham has credentials and expertise to offer opinions in this case that may assist the trier of fact and that these opinions meet the standards of *Daubert v. Merrell Dow Pharmacy, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137 (1999). His opinions are enumerated as Nos. 1-33 in his Trip Memo and Nos. 1-7 in the Supplemental Memo; therefore, Durham's testimony will be limited to these enumerated opinions and the basis therefor.

**IT IS SO ORDERED** this 27th day of September 2010.

_____
Paul J. Cleary
United States Magistrate Judge