UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WHITE ELECTRICAL SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0504-CVE-PJC |
| ) | |
| **FRANKE FOOD SERVICE SYSTEMS, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Franke Food Service Systems, Inc.'s Motion to Strike and Brief in Support (Dkt. # 129). Defendant Franke Food Service Systems, Inc. (Franke) seeks to strike attorney Gary Bachman from the pre-trial order and preclude him from testifying as a witness at trial. In the alternative, Franke requests permission to depose Bachman prior to trial and to introduce its own rebuttal witness.

This is an equitable contribution case brought by White Electrical Services, Inc. (White) based on an underlying action that was previously settled. In the underlying action, underlying plaintiff Sarah Austin claimed White was negligent in its installation of an electrical system at a McDonald's store where Austin worked. Austin alleged injuries from electrical shock suffered as a result of the negligent installation, and White settled her claim prior to trial. White now claims that a defective table manufactured by Franke was the cause of Austin's injuries, and seeks equitable contribution from Franke for the settlement amount. Bachman represented Austin in the underlying action. The parties' joint pretrial order listed Bachman as one of plaintiff's primary witnesses who would testify regarding "Settlement proposals to Plaintiff and documents attached to Settlement

proposals; the field of evidence submitted to Defendants in the underlying case to support the settlement demand; [and] reasonableness of the settlement." Dkt. # 122, at 10.

According to Federal Rule of Civil Procedure 16(e), a court may modify a final pretrial order after the pretrial "only to prevent manifest injustice." When a party seeks to amend the final pretrial order, a district court should consider four factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1210 (10th Cir. 2002). A court should also consider the timeliness of the request to amend the pretrial order. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1223 (10th Cir. 2000). The burden is on the party seeking to amend the pretrial order to prove that manifest injustice will result unless the final pretrial order is amended. Davey, 301 F.3d at 1208.

Franke asks that the pretrial order be amended[1] to strike Bachman as a witness. It argues that he was not properly identified as an expert, that his testimony would be irrelevant, cumulative, confusing, and a waste of judicial resources, and that his testimony regarding settlement documents would amount to hearsay. Dkt. # 129. In its reply in support of the motion, Franke further argues that it lacked notice of Bachman's testimony, and that failure to strike him as a witness would result in manifest injustice. Dkt. # 134. In the alternative, Franke asks that it have the opportunity to depose Bachman prior to trial, and to introduce its own rebuttal witness. Dkt. ## 129, 134.

Defendant has not shown that manifest injustice will result from the failure to strike Bachman as a witness. Bachman was included on plaintiff's list of trial witnesses in its Rule

---

[1]   Franke takes issue with the characterization of its request as one to amend the pretrial order. Dkt. # 134, at 4 n.1. However, striking a witness included on such an order is a modification under the broad language of F.R.C.P. 16(e).

26(A)(3) disclosures, filed September 13, 2010. Dkt. # 101. Further, as noted, Bachman was included as a witness on the final pretrial order entered September 29, 2010. Dkt. # 122. Even if defendant had not been on notice that Bachman would be called as a witness prior to mid-September, it was put on notice by plaintiff's disclosures at that time, and ought to have raised any objections at the pretrial conference. Instead, Franke raised no objection until October 15, 2010, more than two weeks after the pretrial conference at which the parties agreed to the pretrial order. Dkt. # 129. Although the Court notes defendant's argument that it was surprised and prejudiced by Bachman's late addition as a witness because lead defense counsel was involved in another time-consuming trial at the time of the pretrial conference, Dkt. # 134, at 4, oversights by counsel do not create manifest injustice that must be cured by amendment of the pretrial order.[2]

Both parties are advised that testimony regarding the settlement in the underlying action will be strictly limited to a showing of what information was considered by White in its settlement negotiations. Neither side will be permitted to introduce testimony about that settlement's reasonableness, as that question has been already determined to be in the province of the jury. Thus, to the extent that White seeks to question Bachman about the settlement's reasonableness, that

---

[2]   The Court also rejects Franke's arguments that Bachman's testimony should be excluded as either cumulative or hearsay evidence. First, Bachman was involved in the settlement negotiations in the underlying case, and White is entitled to have information about those negotiations introduced by the witness of its choice. That there are other attorneys who worked with Austin who could provide the same information does not require Bachman to be stricken as a witness. Further, Bachman's anticipated testimony regarding the settlement negotiations is not hearsay, as it will not be used to show the truth of the information relied upon in the settlement discussions. To the extent that Bachman's testimony ventures into either the truth of the underlying documents or the overall reasonableness of the settlement, such testimony will be disallowed and Franke may object at trial.

testimony will not be allowed. Further, Franke will not be allowed to call Mark Smiling as a rebuttal expert regarding the settlement's objective unreasonableness.

The Court will, however, permit Franke to depose Bachman. The parties are to arrange a mutually agreeable time prior to trial, and the deposition will be limited to no more than two (2) hours.

**IT IS THEREFORE ORDERED** that Defendant Franke Food Service Systems, Inc.'s Motion to Strike and Brief in Support (Dkt. # 129) is **granted** in part and **denied** in part: it is granted as to the request for permission to depose Bachman prior to trial, and it is denied as to the motion to strike Bachman as a witness and, in the alternative, to introduce Smiling as a rebuttal witness.

**DATED** this 4th day of November, 2010.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT